

1  Lorrie Sue McClary

2  10066 Piney Creek Rd. #B

3  Coulterville, CA 95311

4  (209) 878-0722

5  Plaintiff in Pro Per

6                    UNITED STATES DISTRICT COURT

7                    CENTRAL DISTRICT OF CALIFORNIA

8                    EDCV 21 - 00980 - RGK(SK)

9  Lorrie Sue McClary,                    Case No. _____

10             Plaintiff,

11      v.                                COMPLAINT

12  Supreme Court of California, et., al    **REVERSAL OF CONVICTION**
    San Bernardino Superior Court,
13  San Bernardino Juvenile Division               **And**

14             Defendants.              **Restoration of all Rights**

15

16

17

18                    **SUMMARY OF THE CASE**

19

20  (1)  Plaintiff, Lorrie Sue McClary, spent 30 years of her life in state prison and 3

21           years on parole for a conviction in violation of United States Constitutional

22           Laws.

23  (2)  On September 30, 1975, I was arrested at sixteen (16) years old.  On November

24       7, 1975, I was tried in a Juvenile Adjudicatory hearing (case # J-71496).  During

25       the Juvenile Adjudicatory Hearing, a taped statement and filmed re-enactment

26       obtained under threats of the death penalty and promises of leniency by the

27       arresting Detectives were introduced into evidence.

28  (3)  On February 2, 1977, the California Supreme Court unanimously reversed the

                              1

1   conviction based on a violation of Miranda vs Arizona (1966) 384 U.S. 436 [16

2   L.Ed.2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974].

3   (4) I was ordered retried <u>as though just arrested</u>, without use of the inadmissible

4   evidence.

5                              **JURISDICTION**

6

7   (5) The defendant violated my United States Constitutional Rights under Federal law.

8
9   (6) This court has jurisdiction under 28 U.S.C. § 1331.  The district courts shall have
    original jurisdiction of all civil actions arising under the Constitution, laws, or
    treaties of the United States.  (June 25, 1948, ch. 646, 62 Stat. 930; Pub. L. 85–
10  554, § 1, July 25, 1958, 72 Stat. 415; Pub. L. 94–574, § 2, Oct. 21, 1976, 90 Stat.
    2721; Pub. L. 96–486, § 2(a), Dec. 1, 1980, 94 Stat. 2369.)

11

12

13                              **VENUE**

14

15  (7) Venue is proper pursuant to 28 U.S.C. § 1391 because the case was tried in San

16  Bernardino County Juvenile Court and San Bernardino Superior Court.

17  (8) Plaintiff lives in this district at 10066 Piney Creek Rd. #B, Coulterville, CA 95311.

18  This Court has Personal Jurisdiction over the Plaintiff as I am a citizen of the

19  United States of America and a resident in the State of California.  I am suing the

20  defendant for a conviction which occurred in California.

21

22                              **PARTIES**

23

24  Plaintiff:

25          Lorrie Sue McClary

26          10066 Piney Creek Rd. #B

27          Coulterville, CA 95311.

28

                                    2

1  Defendants:

2        Supreme Court of California

3        350 McAllister St.

4        San Francisco, CA 94102-4797.

5

6        San Bernardino Superior Court

7        247 West Third St.

8        San Bernardino CA 92415-0240

9

10       San Bernardino County Juvenile Division

11       900 East Gilbert St.

12       San Bernardino, CA 92415-0943

13

14

15                    **STATEMENT OF FACTS**

16

17  (9)  On September 30, 1975, I was arrested at sixteen (16) years old.  On November

18      7, 1975, I was tried in a Juvenile Adjudicatory hearing (case # J-71496).  During

19      the Juvenile Adjudicatory Hearing, a taped statement and filmed re-enactment

20      obtained under threats of the death penalty and promises of leniency by the

21      arresting Detectives were introduced into evidence.  I was found unfit to be tried

22      as a Juvenile and remanded to the San Bernardino County Superior Court for trial

23      as an adult.

24  (10) On February 23, 1976, I was tried with the use of the taped statement and filmed

25  re-enactment introduced into evidence, a violation of The Double Jeopardy Clause of the

26  United States Constitution.  (See Breed vs Jones, 95 S. Ct. 1779 (1975).

27  (11)  On February 2, 1977, the California Supreme Court unanimously reversed the

28  conviction based on a violation of Miranda vs Arizona (1966) 384 U.S. 436 [16 L.Ed.2d

1  694, 86 S. Ct. 1602, 10 A.L.R.3d 974].

2  (12) The Court ordered the taped statement and filmed re-enactment inadmissible

3  during retrial. I was ordered retried as though just arrested.

4  (13) On April 14, 1978, I was not taken back to the Juvenile Division for a new

5  Juvenile Adjudicatory Hearing. At which hearing, without the use of the inadmissible

6  evidence, I may have been found fit to be tried as a Juvenile. I was not retried as though

7  just arrested. I was retried as an adult. Again, violating Breed vs Jones, 95 S. Ct. 1779

8  (1975). Also, violating my Right to Due Process under the Fourteenth Amendment to the

9  United States Constitution. Amendment XIV Section 1. All persons born or naturalized

10 in the United States, and subject to the jurisdiction thereof, are citizens of the United

11 States and of the state wherein they reside. No state shall make or enforce any law

12 which shall abridge the privileges or immunities of citizens of the United States; nor shall

13 any state deprive any person of life, liberty, or property, without due process of law; nor

14 deny to any person within its jurisdiction the equal protection of the laws.

15 (14) My case was again denied in the California Supreme Court on a Petition for

16 Review on May 26, 2021. The State relied incorrectly on Hagan v Superior Court 1962

17 57 Cal.2d 767. (See Attachment #1)

18 (15) This case has never been filed in the San Bernardino Juvenile Division because

19 they claimed no Jurisdiction and refused to hear the case. The original Juvenile

20 Adjudicatory Hearing decision remains and is invalid in light of the California Supreme

21 Courts reversal on February 2, 1977.

22

23 **CLAIMS**

24

25 (16) Defendants violated Plaintiff, Lorrie Sue McClary's Due Process Rights to a

26 fair trial. At the time of the arrest plaintiff was sixteen years old and the law required she

27 be processed through a Juvenile Adjudicatory Hearing and be found unfit to be tried as a

28 juvenile before trial as an adult. Plaintiff has Constitutional Rights in a Juvenile

4

1    Adjudicatory Hearing (See Breed vs Jones, 95 S. Ct. 1779 (1975).

2

3                            **REQUEST FOR RELIEF**

4

5    WHEREFORE, The Plaintiff requests:

6          (17) Reversal of conviction without retrial.

7          (18) All Constitutionally Guaranteed Rights restored.

8          (19) Compensatory damages, including general and special damages for the time

9    spent both in prison and on parole.

10          (20) Any other relief which the court may deem appropriate.

11

12

13                        Dated: June 3, 2021

14

15                        By Lorrie Sue McClary

16                        Plaintiff in Pro Per

17

18

19

20

21

22

23

24

25

26

27

28

5

Attachment

# 1

SUPREME COURT
FILED

Court of Appeal, Fourth Appellate District, Division Two - No. E076629    MAY 2 6 2021

Jorge **Navarrete** Clerk

S268418

Deputy

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

LORRIE SUE McCLARY, Petitioner,

v.

SUPERIOR COURT OF SAN BERNARDINO COUNTY, Respondent;

THE PEOPLE, Real Party in Interest.

The petition for review is denied.

CANTIL-SAKAUYE
*Chief Justice*

Criminal Case No: 20080-SCR32588

# IN THE SUPREME COURT
# OF THE STATE OF CALIFORNIA

LORRIE SUE MCCLARY

Petitioner,

V.

APPELLATE COURT OF THE STATE OF CALIFORNIA SOUTHERN DISTRICT

COUNTY OF SAN BERNARDINO

Respondent I,

SUPERIOR COURT OF THE STATE OF CALIFORNIA,

COUNTY OF SAN BERNARDINO

Respondent II,

JUVENILE COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

Respondent III,

## PETITION FOR WRIT OF MANDATE

# LORRIE SUE MCCLARY

Petitioner inpro per/in forma pauperis

10066 Piney Creek Rd #B

Coulterville, CA. 95311

Telephone: (209)-878-0722

# TABLE OF CONTENTS

Page

I.   WHY THIS PETITION FOR WRIT OF MANDATE
     SHOULD BE REVIEWED AND STATEMENT OF CASE

                                                        4

II.  BOTH LEGAL AND FACTUAL MISTAKES          6
III. NON-ARGUNENTATIVE ISSUE                  6
IV.  PRAYER                                   6

CERTIFICATE OF WORD COUNT                     7

CERTIFICATE OF SERVICE                        8

# TABLE OF AUTHORITIES

See: **People v. McClary, 20 Cal.3d 218** [Crim. No. 20080. Supreme Court of California. December 2, 1977.] (Opinion by Richardson, J., expressing the unanimous view of the court.)

See: Miranda v. Arizona (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], including the right to appointed counsel.

See: Double Jeopardy Violation The clause applies in juvenile court proceedings which are formally civil. Breed v. Jones, 421 U.S. 519 (1975).

The constitutional rights of juveniles were greatly expanded by the landmark case of In re Gault, in which the Supreme Court held that at a hearing conducted to determine whether a child is delinquent, the child is entitled to certain constitutional rights. These rights include the right to be given timely written notice of the hearing and the specific facts upon which the petition alleging delinquency is based; the right to be represented by counsel; the right against self-incrimination; and the right to confront and cross-examine the witnesses against him. The Supreme Court stated in Gault that "neither the 14th Amendment nor the Bill of Rights is for adults alone, which suggested that many other constitutional rights guaranteed to adults in criminal cases, but not specifically mentioned by the court in Gault, might be granted to juveniles in delinquency proceedings.

See: Breed v. Jones, 95 S. Ct. 1779 (1975).

See: In re Acuna, 245 Cal. App. 2d 388, 53 Cal. Rptr. 884 (1964);

See: People v. Silverstein, 121 Cal. App. 2d 140, 262 P.2d 656 (1953);

See: Matter of McDonald, 153 A.2d 651 (D.C. Mun. Ct. App. 1959);

See: Moguin v. State, 216 Md. 524, 140 A.2d 914 (Md. Ct. App. 1958);

See: Dearing v. State, 204 S.W.2d 983 (Tex. Crim. App. 1947).

See: United States v. Dickerson, 168 F. Supp. 899 (D.D.C. 1958), rev'd, 271 F.2d 487 (D.C. Cir. 1959);

See: Von Hatten v. State, 97 Tex. Crim. 123, 260 S.W. 581 (1924).

See: People v. Silverstein, 121 Cal. App. 2d 140, 262 P.2d 656 (1953);

See: In re Smith, 114 N.Y.S.2d 673 (N.Y. City Dom. Rel. Ct. 1952).

# WHY THIS PETITION FOR WRIT OF MANDATE SHOULD BE REVIEWED AND STATEMENT OF CASE

**September 30, 1975**, At the time of Miss. McClary's original arrest in this case she was a sixteen (16) year old juvenile.

**November 7, 1975** a Juvenile Adjudicatory hearing was held, (case # J-71496). After review of a taped statement and a filmed reenactment, Miss. McClary was deemed unfit to be tried as a juvenile.

**February 23 1976** Miss. McClary was tried as an adult in San Bernardino Superior Court. Again with use of a taped statement and filmed reenactment. Twice put in Jeopardy.

**February 2, 1977** the California Supreme Court unanimously reversed Miss. McClary's conviction based on a violation of Miranda vs Arizona (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], including the right to appointed counsel.

Based on the taped statement in which despite repeated requests for assistance of counsel, she was branded a liar and threatened with the death penalty, (which was not applicable to juveniles). If the District Attorney was to re-try Miss. McClary, she was to be retried without the use of the inadmissible evidence, as though just arrested.

**April 14, 1978** Miss. McClary was **not** taken back to the Juvenile Court for a new Juvenile Adjudicatory hearing, **without** the use of the evidence OBTAINED IN VIOLATION OF Miranda vs Arizona (1966) 384 U.S 436 [16 L.Ed.2d 694, 86 S.CT. 1602, 10 A.L.R. 974].

Miss. McClary was retried as an adult in SCR 32588, the Juvenile Adjudicatory hearing was left to untouched. Twice putting Miss. McClary in Jeopardy again. (see Breed vs Jones, 95 S. Ct. App. 1779 (1975); (see People vs McClary, 20 Cal.3d 218, [Crim. No.20080. Supreme Court of California, December 2, 1977.) (See Breed vs Jones 421 U. S. 519 (1975) 95 S. Ct. 1779 (1975); See: In re Acuna, 245 Cal. App. 2d 388, 53 Cal. Rptr. 884 (1964); See: People v. Silverstein, 121 Cal. App. 2d 140, 262 P.2d 656 (1953); See: Matter of McDonald, 153 A.2d 651 (D.C. Mun. Ct. App. 1959); See: Moguin v. State, 216 Md. 524, 140 A.2d 914 (Md. Ct. App. 1958); See: Dearing v. State, 204 S.W.2d 983 (Tex. Crim. App. 1947).

**June 28, 1989** Petitioner filed a Petition for Writ of Habeas Corpus based on the re-use of the inadmissible evidence during re-trial.

4

During the Hearing for the Petition for Writ of Habeas Corpus, the hearing Judge discovered that there was a conflict between the Court Clerks transcript of the rulings made and the Court Reporters verbatim transcripts of the trial. Instead of following the law, (which states when there is a conflict in the records that the trial transcripts are to be accepted as speaking the truth since it is a verbatim, word for work statement of the facts before during and after the incident in question.), the Hearing Judge placed the trial Judge on the stand who stated that both transcripts were wrong because he never made a ruling one way or the other.

This statement was considered factual instead of simply reading the transcripts to see that the Public Defender **twice** asked the Court for a ruling on the use of the inadmissible evidence only to be told that, "it was clear to the trial Judge that the evidence was admissible at trial." To further read the transcripts, it is clear that because of that ruling that the inadmissible evidence was reused during trial. The petition was denied and Miss. McClary was sent back to state prison.

There is no statute of limitations for Murder nor for the Double Jeopardy Clause of the 14th Amendment to the United States Constitution.

This case clearly violates the Double Jeopardy Clause of the 14th Amendment. Miss. McClary was retried as an adult with use of the inadmissible evidence and without being retried as though just arrested, as a Juvenile.

Giving her the opportunity to be retried in a Juvenile Adjudicatory Hearing without the use of the tainted inadmissible evidence. It further violates Miranda vs. Arizona a second time by allowing the Juvenile Adjudicatory findings based in part on the inadmissible evidence to remain as reason for Miss. McClary to be retried as an adult, twice being put in Jeopardy a second time.

The function of the State Supreme Court is to supervise the lower courts. The decisions of the California Supreme Court are binding on all other California State courts.

The California Supreme Court published its unanimous decision on December 2, 1977. See: **People v. McClary, 20 Cal.3d 218** [Crim. No. 20080. Supreme Court of California. December 2, 1977.] THE PEOPLE, Plaintiff and Respondent, v. LORRIE SUE McCLARY, Defendant and Appellant

(Opinion by Richardson, J., expressing the unanimous view of the court.) To date not one Court has followed the California Supreme Courts reasons for reversal. The Supreme Court itself is not upholding its own decision by denying Review.

## BOTH LEGAL AND FACTUAL MISTAKES

The record is factual and fully developed. There are no procedural obstacles which can prevent this Court from reaching the issue presented.

There is no record of another Juvenile Adjudicatory Hearing. Miss. McClary was not legally tried as an adult in the 1978 retrial. The transcript was never examined to verify that in fact the inadmissible evidence was reused in page after page of the transcripts.

## NON-ARGUNENTATIVE ISSUE

1. Miss. McClary was retried as an adult in the San Bernardino County Superior Court in violation of the Double Jeopardy Clause of the 14th Amendment.

## PRAYER

Therefore, Petitioner requests the California Supreme Court to uphold its unanimous decision on December 2, 1977 as to the reversal of conviction.

That the California Supreme Court rule that the 30 years Miss. McClary spent in State Prison and the 3 years spent on parole were in violation of Double Jeopardy.

That Miss. McClary's conviction be dismissed and all rights be restored.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Dated January 16, 2021        _____

Lorrie Sue McClary

Petitioner

# CERTIFICATE OF SERVICE

I, Lorrie Sue McClary, do hereby affirm I am the Petitioner in this matter. I am over the age of 18 years and my address is 10066 Piney Creek Rd. #B., Coulterville, California, 95311.

On January 16 2021, I served the foregoing document: PETITION FOR WRIT OF MANDATE, on the parties in this action by placing a true and correct copy of each document thereof, enclosed in a sealed envelope on the persons below as follows:

**Supreme Court of California**                10 copies

350 McAllister St.

San Francisco, CA 94102-4797

**Appellate Division**                        1 copy

8303 Haven Avenue

Rancho Cucamonga, CA 91730

**San Bernardino Superior Court**             1 copy

247 West Third Street

San Bernardino, CA 92415-0240

**San Bernardino County Juvenile Division**   1 copy

900 East Gilbert Street

San Bernardino, CA 92415-0943

I deposited the sealed envelopes with the United States Postal
Service, with postage thereon fully prepaid.  The envelopes were placed in
the mail in Sonora, California.

I declare under penalty of perjury under the laws of the State of California
that the foregoing is true and correct and that this document was
executed on January 16, 2021.


-------------------------------

Lorrie Sue McClary

Petitioner

# CERTIFICATE OF WORD COUNT

I certify pursuant to California Rules of Court 8.204 and 8.504 (d) that
this Petition for Writ of Mandate is proportionally spaced, has a typeface
of 13 points or more, contains 1347 words, excluding the cover, the
table, the signature block, and this certificate, which is less than the total
number of words permitted by the Rules of Court.  Petitioner relies on the
word count of the Microsoft Word word-processing program used to
prepare this brief.


Dated January 16, 2021        -----------------------------

                                   Lorrie Sue McClary

                                       Petitioner

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** [                                    ]

    I am the attorney or self-represented party.

      **This brief contains**   977   **words**, excluding the items exempted

by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R.

App. P. 32(a)(5) and (6).

    I certify that this brief *(select only one):*

(●) complies with the word limit of Cir. R. 32-1.

( ) is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

( ) is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

( ) is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

( ) complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one):*

    ( ) it is a joint brief submitted by separately represented parties;

    ( ) a party or parties are filing a single brief in response to multiple briefs; or

    ( ) a party or parties are filing a single brief in response to a longer joint brief.

( ) complies with the length limit designated by court order dated [          ].

( ) is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** *Tonie Lee McCray*    **Date** *June 3, 2021*
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**                                                                 *Rev. 12/01/2018*

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### Form 25. Certificate of Service for Paper Filing

ATTENTION ELECTRONIC FILERS: DO NOT USE FORM 25
Use Form 25 only if you are **not** registered for Appellate Electronic Filing.

**Instructions**

- You must attach a certificate of service to each document you send to the court and to opposing counsel.
- Include the title of the document you are serving, the name and address of each person you served with a copy of the document, and the date of mailing or hand delivery.
- Sign and date the certificate. You do not need to have the certificate notarized.
- Remember that you must send a copy of **all** documents and attachments to counsel for **each** party to this case.

**9th Cir. Case Number(s)**

**Case Name**

I certify that I served on the person(s) listed below, either by mail or hand
delivery, a copy of the  Petition for Appeal
and any attachments.  *(title of document you are filing, such as Opening Brief, Motion for __, etc.)*

**Signature** _Tomie Lee McElroy_    **Date** _June 3, 2021_

| Name | Address | Date Served |
|------|---------|-------------|
| ~~Rob Bonta~~ | ~~350 McAllister St. San Francisco CA 94102-4797~~ | June 3, 2021 |
| clerk | U.S. court of Appeals for the 9th circu. P.O. Box 193939 | June 3, 2021 |
|  | San Francisco, CA 94119-3939 |  |
|  |  |  |

*Mail this form to the court at:*

Clerk, U.S. Court of Appeals for the Ninth Circuit, P.O. Box 193939, San Francisco, CA 94119-3939

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 25**                                                    *Rev. 12/01/2018*

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 6. Representation Statement

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form06instructions.pdf

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

> Lorrie Sue McClary   In Pro Per

Name(s) of counsel (if any):

> 

Address: | 10066 Piney Creek Rd. #B Coulterville CA 95311

Telephone number(s): | 209-878-0722

Email(s): | lorriesuemcclary@gmail.com

Is counsel registered for Electronic Filing in the 9th Circuit?   ○ Yes   ● No

---

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

> California Supreme Court

Name(s) of counsel (if any):

> Rob Bonta

Address: | 350 McAllister St, San Francisco, CA 94102

Telephone number(s): | 415-355-8000

Email(s): |

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                    *1*                    *New 12/01/2018*

Continued list of parties and counsel: *(attach additional pages as necessary)*

## **Appellants**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?    ○ Yes    ○ No

## **Appellees**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                                    2                           *New 12/01/2018*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 24. Motion for Appointment of Counsel

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form24instructions.pdf*

**9th Cir. Case Number(s)** [                                    ]

**Case Name** [                                    ]

**Lower Court or Agency Case Number** [S268418                  ]

1. My name is [Lorrie Sue McClary                              ]

2. I am asking the court to appoint an attorney to help me with this case.

3. My fee status is as follows *(select one)*:

   ○ The district court or this court granted my motion to proceed in forma pauperis.

   ○ I filed a motion to proceed in forma pauperis but the court has not yet ruled on the motion.

   ● This motion is accompanied by a motion to proceed in forma pauperis.

   ○ I paid the filing fees for this case. However, I cannot afford an attorney for the following reasons:

   [                                                            ]

4. Is this a civil appeal or petition for review?    ○ Yes    ○ No

   If yes, attach an additional page(s) describing the issues on appeal.

My current mailing address

[10066 Piney Creek Rd #B                                        ]

City [Coulterville            ]    State [CA]    Zip Code [95311        ]

Prisoner Inmate or A Number (if applicable) [N/A                ]

**Signature** *Lorrie Sue McClary*    **Date** [June 3, 2021]

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 24**                                                    *New 12/01/2018*

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

**Form 27. Motion for** | Relief

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form27instructions.pdf*

**9th Cir. Case Number(s)** | 

**Case Name** | 

**Lower Court or Agency Case Number** | S268418

What is your name? | Lorrie Sue McClary

1. **What** do you want the court to do?

Reverse the conviction. without retrial. Restore all Constitutionally Guaranteed Rights. Compensatory damages, including general and special damages for the time spent in prison and on parole. Any other relief which the court may deem appropriate.

2. **Why** should the court do this? Be specific. Include all relevant facts and law that would persuade the court to grant your request. *(Attach additional pages as necessary. Your motion may not be longer than 20 pages.)*

Because this conviction violates the United States Constitutional Provisions against The Double Jeopardy Clause repeatedly and The Due Process Clause as I was not granted a fair re-trial in a new Juvenile Adjudicatory hearing without use of evidence ruled inadmissable by the California Supreme Court after my unanimous reversal in

Your mailing address:

10066 Piney Creek Rd. #B

City | Coulterville | State | CA | Zip Code | 95311

Prisoner Inmate or A Number (if applicable) | N/A

**Signature** | Lorrie Sue McClary | **Date** | June 3, 2021

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 27** | *New 12/01/2018*



United States Court of Appeals for the Ninth District

℅ Eastern Division
3470 Twelfth Street Rm 134
Riverside, CA 92501



Lonie Sue McClay
10066 Piney Creek Rd, #B
Coulterville, CA 95311

PITNEY BOWES
$ 000.20⁰
02 1P
0001918250   JUN 03 2021
MAILED FROM ZIP CODE 95329
UNITED STATES FOREVER



RECEIVED
CLERK, U.S. DISTRICT COURT

JUN - 9 2021

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION          BY DEPUTY

UNITED STATES
POSTAL SERVICE ®

USPS TRACKING #

9114 9023 0722 4718 3835 41

Label 400 Jan. 2013
7690-16-000-7948