UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:21-cv-980-RGK (SK) | Date | July 2, 2021 |
|---|---|---|---|
| Title | Lorrie Sue McClary v. Supreme Court of California, et al. | | |

Present: The Honorable  Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff is a former California state prisoner convicted of murder. (ECF 1). *See People v. McClary*, 20 Cal. 3d 218, 221 (1977). She spent more than three decades in prison and on parole. (ECF 1 at 1). At her arrest in 1975, she was 16 years old. (*Id.*). The juvenile court appears to have held a transfer hearing under California Welfare and Institutions Code § 707, where it concluded that she should be tried as an adult. (*Id.* at 3). The complaint's references to a "juvenile adjudicatory hearing" refer to a juvenile transfer hearing under § 707. She was evidently transferred to and tried in San Bernardino County Superior Court, found guilty, and convicted. (*Id.* at 3). The California Supreme Court later reversed her conviction because the state superior court had allowed impermissible evidence at trial. *See McClary*, 20 Cal. 3d at 229-31. On remand, though, she was again tried as an adult and convicted. (ECF 1 at 4).

Plaintiff has now filed a complaint under 42 U.S.C. § 1983, alleging that her conviction was illegal because she did not receive a new juvenile transfer hearing following remand. (*Id.* at 4-5). She seeks to expunge her state criminal records and requests compensation for the time she spent in state prison and on parole. (*Id.* at 5). Because Plaintiff wants to proceed in forma pauperis, however, the Court must screen her complaint in accordance with 28 U.S.C. § 1915(e)(2). Even with liberal construction of her factual allegations, her complaint cannot survive this mandatory screening for many reasons.

To begin with, Plaintiff's entire action is foreclosed by the *Rooker-Feldman* doctrine. Federal courts have no subject matter jurisdiction over a suit that is a "de facto appeal" of a state court judgment. *Kougasian v. TMLS, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). That bar applies here because Plaintiff "seeks relief from a state court judgment" and "alleges a legal error by the state [superior] court"—that it did not remand her to the juvenile court for a new transfer hearing. *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013).

In addition, even if *Rooker-Feldman* did not categorically bar Plaintiff's action, she would get none of the relief she seeks under § 1983. For starters, she cannot recover monetary damages because the named defendants—the California Supreme Court, San Bernardino

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:21-cv-980-RGK (SK) | Date | July 2, 2021 |
|---|---|---|---|
| Title | Lorrie Sue McClary v. Supreme Court of California, et al. | | |

County Superior Court, and San Bernardino County Juvenile Court—enjoy Eleventh Amendment immunity as arms of the state. *See Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003). Moreover, to recover damages under § 1983 for an unlawful conviction, Plaintiff must prove that her "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Neither the complaint nor public record shows, however, that she has met—or can meet—any of these predicates. Thus, her claim for monetary damages would be barred by *Heck*, since awarding monetary damages would imply the invalidity of her conviction and sentence. *See id*.

Similarly, expungement of her state criminal records would be unavailable because nothing in her complaint nor the public record plausibly suggests that she suffered an unconstitutional conviction just because of the lack of a new transfer hearing. *See United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000); *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991). Plaintiff was not entitled to a new transfer hearing on remand—nor did § 707 require one—because the California Supreme Court did not reverse (or even discuss) the juvenile court's findings. *See McClary*, 20 Cal. 3d at 229-31; *In re Anna S.*, 99 Cal. App. 3d 869, 871-72 (Ct. App. 1979) (providing text of § 707 around the time of Plaintiff's conviction). And contra Plaintiff, her conviction did not violate the Double Jeopardy Clause under *Breed v. Jones*, 95 S. Ct. 1779 (1975), which dealt in relevant part only with juvenile <u>adjudicatory</u> hearings, not with transfer hearings. *Id*. at 1786-87, 1791. Because there is no plausible "finding or allegation" that Plaintiff's conviction was "unconstitutional or in violation of statutory authority," the Court could not expunge her state criminal records. *Smith*, 940 F.2d at 395.[1]

For these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **August 2, 2021** why her in forma pauperis application should not be denied and her complaint dismissed for the reasons above. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)—(iii). If Plaintiff cannot cure the deficiencies outlined in this order, or if Plaintiff no longer wishes to pursue this action, she may voluntarily dismiss the action using the attached form CV-09. Otherwise, Plaintiff must file either an amended complaint that cures the deficiencies described in this order or a response to this order explaining why it is wrong. **If Plaintiff files no notice of voluntary dismissal, amended complaint, or timely response to this order, this action may also be involuntarily dismissed for failure to prosecute.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**

---

[1] The Court expresses no view about whether Plaintiff could seek expungement of her records in state court under state law.